Mariellen Dugan, Esq. (Attorney ID: 042881991)
Martin B. Gandelman, Esq. (Attorney ID: 015592011)
CALCAGNI & KANEFSKY, LLP
One Newark Center
1085 Raymond Blvd., 14th Floor
Newark, New Jersey 07102
T.: (862) 233-8319
E.: MDugan@ck-litigation.com
E.: MGandelman@ck-litigation.com

*Attorneys for Defendant, Aetna Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERGEN PLASTIC SURGERY, | Civil Action No. 2:23-cv-1796 |
| Plaintiff, | ECF Case |
| v. | |
| | Removed From: |
| AETNA, INC., | |
| | Superior Court of New Jersey |
| Defendant. | Law Division: Bergen County |
| | Docket No.: Ber-L-001027-23 |

## NOTICE OF REMOVAL

Defendant Aetna, Inc. ("Aetna") hereby notices removal of this case, including all claims and causes of action therein, from the Superior Court of New Jersey Law Division, Bergen County to the United States District Court for the District of New Jersey, Newark Division, pursuant to 28 U.S.C. §§ 1331 1332, 1441, and 1446. In support of this Notice of Removal, Aetna states as follows:

1. Plaintiff Bergen Plastic Surgery ("Plaintiff") filed claims against Aetna in the Superior Court of New Jersey on February 23, 2023 (the "Complaint"). True and correct copies of all process, pleadings, orders and notices filed in the state court action, including the Complaint, are attached hereto as Exhibit A.

1

2. Plaintiff effected service of the Complaint on Aetna on March 2, 2023. *See* Exhibit A at 12.

3. No other pleadings have been served on Aetna since the filing of the Complaint and no proceedings have taken place in the state court.

## DIVERSITY JURISDICTION

4. Plaintiff is a citizen of New Jersey. *See* Exhibit A (Complaint, ¶ 1.)

5. Aetna is a corporation organized under the laws of the State of Connecticut with is principal place of business in Connecticut.

6. There is complete diversity of citizenship between the parties.

7. Plaintiff asserts claims against Aetna in excess of $75,000. *See* Exhibit A (Complaint, ¶ 8.)

8. Plaintiff's allegations demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c).

9. Diversity jurisdiction exists under 28 U.S.C. § 1332(a) because this is a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FEDERAL QUESTION JURISDICTION

10. Plaintiff's complaint seeks payment from Aetna based on health insurance plan benefits that are subject to the Employee Retirement Income Security Act of 1974 (ERISA).

11. Aetna may defend against the allegations in the Complaint by asserting that Plaintiff is not entitled to payment under the health insurance plan at issue, which is subject to ERISA.

12. The interpretation of the terms of the health insurance plan at issue forms an

essential part of Plaintiff's claims, and the potential for liability exists only because of Aetna's administration of an ERISA-regulated benefit plan. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 213 (2004).

13. Although the Complaint purports to raise only state law claims, suits like this one that require the interpretation of the relevant healthcare plan language in light of ERISA necessarily create federal question jurisdiction. *Ingersoll-Rand Corp v. McClendon*, 498 U.S. 133 (1990); *Pascack Valley Hosp. v. Local 464A UFCW Welfare*, 388 F.3d 393 (3d Cir. 2004); *1975 Salaried Ret. Plan for Eligible Emps. Of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir. 1992); *Our Lady of Lourdes Health Sys. v. MHI Hotels, Inc. Health & Welfare Fund*, 2009 WL 4510130 (D.N.J. Dec. 1, 2009) (applying the foregoing cases and dismissing a healthcare provider's claims seeking payment after services rendered to a plan beneficiary because they would not exist without an ERISA plan).

14. Federal question jurisdiction exists under 28 U.S.C. § 1331 because Plaintiff brings suit only to recover under an ERISA-regulated insurance plan and does not attempt to remedy any violation of a legal duty independent of ERISA. *Aetna Health*, 542 U.S. at 214.

## DEFENDANT HAS PROPERLY EFFECTED REMOVAL

15. Because this action falls within the Court's original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a), removal is proper under 28 U.S.C. § 1441(a).

16. The United States District Court for the District of New Jersey, Newark Division, is the district court for the judicial district and division embracing Bergen County, where the state court action is pending. 28 U.S.C. § 115(b)(2).

17. This notice of removal is timely filed within 30 days after service of the Complaint on Aetna. 28 U.S.C. § 1446(b).

## **CONCLUSION**

For the foregoing reasons, federal jurisdiction exists under 28 U.S.C. §§ 1331 and 1332(a), and removal is proper under 28 U.S.C. § 1441(a). Defendant Aetna prays that this Court enter the appropriate orders to cause the removal of this case to this Court from the Superior Court of New Jersey Law Division: Bergen County.

                              Respectfully Submitted,

Dated: March 30, 2022

                              By:   */s/ Mariellen Dugan*
                                     Mariellen Dugan, Esquire
                                     Calcagni & Kanefsky LLP

                                   *Attorneys for Defendant, Aetna, Inc.*

## **Local Civil Rule 11.2 Certification**

The matter in controversy is not the subject of any other action pending in any court or arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 30, 2023.

*/s/ Mariellen Dugan*
Mariellen Dugan, Partner
Calcagni & Kanefsky LL

## **CERTIFICATE OF SERVICE**

I, Mariellen Dugan, certify that on March 30, 2023, I caused true and correct copies of this Notice of Removal and its Exhibits and Civil Cover Sheet, along with a copy of the State Court Notice of Filing Notice of Removal, to be served via regular mail and email upon all counsel of record in the State Court Action as follows:

Dara J. Lawall, Esq.
Lawal & Mitchell, LLC
55 Madison Avenue
Morristown, New Jersey 07960
dara@lmesq.com
*Attorneys for Plaintiff*

Dated: March 30, 2022

By: */s/ Mariellen Dugan*
Mariellen Dugan, Esquire
Calcagni & Kanefsky LLP

*Attorneys for Defendant, Aetna, Inc.*